# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **LANETTE HOLMSTROM,**<br><br>        **Plaintiff,**<br><br>        v.<br><br>**METROPOLITAN LIFE INSURANCE COMPANY,**<br><br>        **Defendant.** | **Case No. 07 C 6044**<br><br>**Hon. Harry D. Leinenweber** |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Lanette Holmstrom (hereinafter, "Holmstom"), was employed by Experian Information Solutions, Inc. ("Experian") until January 4, 2000, when she ceased working to undergo ulnar nerve surgery. Since that time she has not returned to work at Experian or anywhere else. She has undergone three surgeries, none of which have been successful, and has been diagnosed with reflex sympathetic dystrophy, which is also known as complex regional pain syndrome. Holmstrom contends in this suit that she is totally disabled and seeks reinstatement of long-term disability payments.

## I.  BACKGROUND

Experian provided its employees, including Holmstrom, with a disability income insurance policy (the "Plan") which was underwritten by Metropolitan Life ("Met Life") and was governed by ERISA. The Plan provided for monthly indemnity in the event an employee became unable to work in her "own occupation" due sickness

or injury for 24 months. After 24 months however, the participant must establish that she is unable to work in "any gainful occupation." The Plan gives the administrator "discretionary authority to interpret the terms of the plan and to determine eligibility for and entitlement to plan benefits.

The Plan paid Holmstrom both short-term and long-term disability benefits through August 5, 2005. After that date the Plan declined to pay any more benefits to Holmstrom in reliance on certain medical reports it received from medical consultants which stated that Holmstrom had the functional ability to work at some gainful occupation and was therefore not totally disabled as defined by the terms of the Plan. Holmstrom appealed the termination of benefits unsuccessfully, and has exhausted all avenues of administrative appeal. She now presses this suit in this Court seeking, among other things, a preliminary injunction seeking restoration of her disability benefits during the pendency of this suit.

## II. **DISCUSSION**

In order to obtain a preliminary injunction a moving party must show: (1) she is reasonably likely to succeed on the merits; (2) she is suffering irreparable harm that outweighs the harm to the non-moving party; (3) she has no adequate remedy at law; and (4) there will be no harm to the public interest if the injunction is granted. *Christian Legal Society v. Walker*, 453 F.3d 853, 859

(7th Cir. 2006). Holmstrom contends that she satisfies each of these elements and therefore should be entitled to the preliminary injunction to restore her disability benefits. Met Life, on the other hand, denies that she qualifies for any of these elements so the motion should be denied.

The Court finds that Met Life has the better of the argument so the Motion for Preliminary Injunction is denied. First and foremost, Holmstrom cannot establish that it is reasonably likely that she will succeed on the merits. As noted above, the Plan gives Met Life, as administrator, the discretionary authority to determine entitlement to benefits. Thus, the Court must apply the highly deferential "arbitrary and capricious" standard. *Houston v. Provident Life and Accident Ins. Co.*, 390 F.3d 990,995 (7th Cir. 2004). Portions of the record that have been attached to the papers filed in support and in opposition of the Motion show that Met Life obtained the opinions of at least two consultants, a board certified medical doctor specializing in physical medicine and rehabilitation, and a Ph.D. in Neuropsychology that Holmstrom is not disabled as defined in the Plan. While Holmstrom faults Met Life for relying on "paper" review as opposed to having her physically examined, the Seventh Circuit has expressly rejected this as an arbitrary and capricious practice. *Davis v. Unum Life Ins. Co. of America*, 444 F.3d 569, 576-577 (7th Cir. 2006), *cert. denied*, 127 S.Ct. 234 (2006). She also attempts to rely on the

fact that the Social Security Administration awarded her disability benefits. However, the Social Security regulations mandate deference be given to a claimant's treating physician while ERISA does not. *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 123 S.Ct. 1965, 1972 (2003). Furthermore, Holmstrom is not obviously entitled to a burden shifting presumption just because the benefits have been terminated after an apparent finding of total disability. A determination of eligibility does not foreclose subsequent review. The case cited by Holmstrom, *Nikola v. CNA Group Life Assurance Co.*, No. 03 C 8559, 2005 WL 1910905 (N.D.Ill. Aug. 5, 2005) merely held that it is arbitrary and capricious to cut off benefits after a determination of disability without even having some sort of medical review.

However, even if the Court were to find that Holmstrom stood a reasonable likelihood of success on the merits she would still not be entitled to a preliminary injunction on the record before the Court because she has an obvious remedy at law: a suit for money damages under ERISA, Section 502(a)(1)(B). Apparently knowing this, she contends that she is entitled to a "grip of poverty" exception to the adequate remedy at law requirement. *Moore v. Miller*, 579 F.Supp. 1188, 1191 (N.D.Ill. 1983). However, Holmstrom has supplied no evidence that she is in such dire straits. As Met Life points out, she is receiving Social Security disability, her husband is working, and she receives generous

medical benefits under the Canadian healthcare system.  The Court is, however, prepared to put the case on a fast track to resolution.

Met Life also makes the argument that it is not the proper defendant in this ERISA suit to recover benefits.  The Court cannot on the record before it makes this determination but cautions Holmstrom to make sure the property party or parties are before the Court so as not to delay final resolution.

Because the Court has decided that on this record Holmstrom does not have a reasonable likelihood of success and does have an adequate remedy at law, the Court need not weigh the respective harms to the parties.

### III.  CONCLUSION

For the reasons stated herein, Holmstrom's Motion for a Preliminary Injunction is denied.

**IT IS SO ORDERED.**

                                                                                  _____
                                                                                  Harry D. Leinenweber, Judge
                                                                                  United States District Court

**DATE:**      November 19, 2007